ORDER
PER CURIAM.
The Petitioner/Appellant, Jared Uses Many, adopted the minor child Jacie Uses Many, born June 1, 1991, in a Tribal adoption proceeding in July 1996. Eight years later in 2004, the petitioner sought to set aside the adoption by claiming he was intoxicated when he signed the requisite affidavit and petition for adoption.
A hearing before the trial court was held on July 19, 2006. Petitioner was represented by Tribal lay advocate, George Eagle Chasing; the Respondent appeared pro se and Dakota Plains Legal Services was appointed guardian ad litem for the minor child.
Chief Judge Brenda Claymore denied the petition and filed comprehensive findings of fact and conclusions of law. This appeal followed.
The Cheyenne River Sioux Tribal Children’s Code at Rule 11.11 expressly states that:
Upon expiration of one year after an adoption order is issued the order cannot be questioned by any person including the petitioner, in any manner upon any ground, including fraud, misrepresentation, failure to give any required notice, or lack of jurisdiction of the parties or of the subject matter, unless, in the case of the adoption of a child or in the case of the adoption of an adult, the adult, the adult had no knowledge of the decree within a one year period, (emphasis added).
*4 This rule is clear and unequivocal and designed to provide to adopted child with security, against potential parental changes of mind, especially when motivated by such concern as child support, as is the case at bar, if the parents subsequently divorce.
For all the above reasons, the decision of the trial court is affirmed.
Ho hecetu yelo.
IT IS SO ORDERED.